Ben Coffman v. The State.

No. 4050. Decided April 28, 1909.

**1.—Murder—Continuance.**

Where the absent witness was out of the State and beyond the jurisdiction of the court, and no effort was made to secure his testimony, there was no error in overruling the motion for continuance.

**2.—Same—Continuance—Death of Witness.**

Where upon trial for murder the record disclosed on appeal that the witness for whom continuance had been sought at the trial had died before the motion for new trial was refused, and that he had not testified at any previous trial so that his testimony could have been reproduced, there was no error in overruling the motion for new trial.

**3.—Same—Charge of Court—Mutual Combat—Self-Defense.**

Where defendant was convicted of murder in the second degree and the evidence remotely suggested a mutual combat between defendant and deceased, and that if such occurred it was with deadly weapons, and the homicide could not possibly have been lower than murder in the second degree, there was no error in the court's failure to charge upon mutual combat; besides such a charge would have destroyed defendant's theory of self-defense.

**4.—Same—Charge of Court—Principals.**

Where upon trial for murder the defendant testified positively that he did the killing in self-defense, there was no error in the court's failure to charge upon the law of principals because the State's testimony suggested that defendant and his father were acting together in bringing about the homicide.

**5.—Same—Charge of Court—Self-Defense—Threats.**

Where upon trial for murder the court's charge on self-defense and the law of threats fully presented the law of the case, there was no error.

**6.—Same—Sufficiency of the Evidence.**

Where upon trial for murder there was sufficient evidence to support the conviction of murder in the second degree, there was no error.

Appeal from the District Court of Morris. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, forty years confinement in the penitentiary.

The opinion states the case.

*L. S. Schluter, Will Moore* and *E. D. Rowell,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a companion case to John Coffman v. State, reported in 51 Texas Crim. Rep., 478, where a substantial statement of the case is found, with the exception that in this case appellant took the witness stand and testified positively to self-defense. The companion case of John Coffman v. State, *supra*, was submitted as one of circumstantial evidence, there being no direct testimony connecting him with the homicide. The theory of the State was that the parties were acting as principals, and relied upon circumstances to prove the case against John Coffman. Appellant sought to continue the case on account of the absence of T. N. Lockett, Cooley Hall and Miss Neely Willson. Miss Willson was present at the trial, and appellant did not place her upon the stand. Hall was absent from the State, having moved to Oklahoma in January previous to the trial of this case in the following September. No effort was made to secure his testimony after said removal. Appellant seems not to rely upon the ruling of the court in regard to these two witnesses as grounds for a reversal.

It is urgently insisted, however, that the judgment should be reversed on account of the absence of Lockett. There is no question of the fact that the evidence of this absent witness was of a very material character. He was a surveyor of experience, had gone upon the ground where the homicide had occurred and took various measurements and distances, all of which, if testified by him, would have borne sharply upon the credit of some of the main State's witnesses, and if his testimony was true, or believed by the jury, it would have shown practically that most of the testimony of the State's witnesses was incorrect. A bill of exceptions shows, as qualified by the judge, however, that the witness died before the motion for new trial was refused. It is further shown that two witnesses, Rowell and James, testified practically to the same facts as Lockett would have testified had he been present. The court's qualification to the bill shows that Rowell testified from notes and memoranda made by the absent witness, Lockett. This, perhaps, would not have been a sufficient answer, it being the first application, as the rule in regard to cumulative testimony does not apply, but inasmuch as it is made to appear that the witness is dead, we are unable to see why the judgment should be reversed to secure the testimony of this witness, as his death removes it beyond possibility for him to testify. The exercise of the discretion of the court in refusing to continue cases, especially on first application, may become of very serious import when viewed from the standpoint of the motion for new trial where the court may revise his former ruling. But for the fact of the death of the witness we would feel called upon to reverse this judgment. In no aspect, however, of the case as presented, would a reversal of the judgment avail appellant to secure the evidence of the deceased witness. He had not testified upon any previous trial, therefore his testimony could not be reproduced. In regard to the witness Hall, it may be stated that he had testified upon a former trial, and

the State offered to permit the appellant to reproduce his testimony, which he declined. This, taken in connection with the want of diligence to secure the testimony of the absent witness, we think, sufficiently disposes of the ruling of the court with reference to that witness.

Appellant waives the consideration, and admits a want of error in three of his contentions. We are of opinion he is correct about it, and therefore they are not reviewed.

Appellant insists the court should have charged the law applicable to mutual combat. We are of opinion the evidence is hardly sufficient to require a charge upon this issue. Conceding, however, that the circumstances remotely suggested the idea of a mutual combat, then the facts show that the combat occurred with deadly weapons, to wit, shotguns, as they were used by deceased and appellant. In this state of case the homicide could not possibly be of a lower grade than murder in the second degree. Appellant was convicted of murder in the second degree. The doctrine of mutual combat eliminates the question of self-defense, which was appellant's main insistence, as testified by himself. He alone testifying to that issue, there is no possible theory under this case by which mutual combat could be had otherwise than with deadly weapons. A charge on mutual combat would have been a direct attack upon appellant's theory of self-defense, and if believed by the jury, would have eliminated appellant's testimony. But in any event we are of opinion, even if there was slight evidence of mutual combat, there is no reversible error in this record in refusing to submit a charge upon such issue. He has no complaint at this point.

Appellant also insists there was error in the court failing to charge the law of principals. There was testimony introduced by the State suggesting the issue that appellant and his father were acting together in bringing about the homicide, and in the John Coffman case, *supra,* the court gave an instruction in regard to this phase of the law, but, under the evidence in this case, we are of opinion that the court's failure to charge on it was not error. The State's theory was that he was a principal and did the shooting. Appellant took the stand and testified positively that he did the killing in self-defense, and practically eliminated his father from any connection with the transaction. The law of principals applied, at least, to this case, would tend to weaken the appellant's theory of self-defense. Again, in view of the fact that appellant testified positively to killing the deceased, we do not see how the law of principals could affect the case, even if his father had been present aiding him. Had the father been present and done the killing, and there was a question of whether appellant aided in the homicide in any manner, then there might possibly be some question of the court's action, but we do not see how a charge upon this phase of the law could possibly have benefited appellant, especially in view of the fact that his theory denied any complicity on the part of his father or any conspiracy between them. The State undertook to prove

the acting together by circumstances. As the matter is presented, we are of opinion there is no merit in this contention.

We have read appellant's criticisms of the charge in regard to self-defense, and the law of threats, and are of opinion that the court's charge is free from the criticisms. The charge seems to have fully presented the law in regard to these issues.

Appellant contends also that the evidence is not sufficient. We are of opinion the jury were authorized to find the verdict, as there is sufficient evidence to justify their conclusion. They could have arrived at a different verdict. The weight of the evidence, the credibility of the witnesses and the findings of fact, are confided to the jury under our law, and where there is evidence sufficient in the record to sustain their conclusion, this court will not disturb their finding.

The judgment is affirmed.

*Affirmed.*