MACK COUPIE BROWN v. THE STATE.

No. 18311. Delivered May 13, 1936.

The opinion states the case.

*J. T. Vance, Jr.,* and *K. D. Hall,* both of Refugio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of murder with malice aforethought, and his punishment was assessed at death.

The testimony, briefly stated, is that deceased was living six or seven miles north of the town of Edna; that he was employed at the Girndt Filling Station as a night clerk. His working hours were from ten p. m. until seven a. m. On the night of July 12th about nine fifteen p. m. a negro, wearing a large white hat and gray pants with a little white stripe in them, came to the home of the deceased inquiring for a mechanic, stating that he was on his way from El Campo to Sam's Ranch; that about four or five hundred yards down the road towards Edna his truck had gotten out of order and ceased to function. The deceased, who was about ready to go to his work, invited him, the negro, into his car and told him that he would pull his truck into town for him. They both left the home of the deceased in deceased's car. About midnight when the deceased had not reported for duty, the wife of the man whom he was to relieve went out to his home to ascertain the reason for his failure to appear. She was informed that deceased left home at the usual time. The matter was reported to the officers who instituted a search, and the next afternoon the body of the deceased was recovered from the waters of the Navidad River where it had been thrown from a bridge and weighted down with an old cylinder head. A few hours later the appellant and his brother were arrested at

Corpus Christi. The officers who made the arrest found the car of the deceased on the premises where appellant was spending the night. They also found a watch belonging to the deceased and a forty-four calibre pistol which had been pawned to appellant by another negro a short time before the alleged homicide.

The appellant denied that he killed the deceased or that he was present and by words and gestures encouraged the commission of the offense. He testified that he did not know that deceased had been killed until his brother, Oscar Brown, commanded him to go with him in the car to the river; that he did not even know the deceased's body was in the back of the car until they arrived at the river; that at the command of his brother he assisted him in disposing of the body by tying an old cylinder head to it and throwing it from the river bridge into the water. He admitted, however, that on the way from Edna to Corpus Christi he purchased some lye, drove to a lake and proceeded to wash the paint off the car with lye water in order to disguise it.

By bills of exception numbers one and two appellant complains of the action of the trial court in not sustaining his motion to quash the indictment and the special venire on the ground of discrimination against the negro race, he being a member of that race, in that the jury commissioners, who drew the grand jurors, purposely refused to draw any negro as a member of the grand jury, and that negroes were purposely omitted from the special venire that was drawn to try him. The court qualified said bills of exception and in his qualification states that no testimony was offered in support of said motion. The record before us fully sustains the qualification. Hence no error was committed by the trial court in his ruling.

By bills of exception numbers three and four appellant complains of the action of the trial court in excusing from the rule the officers of Refugio and adjoining counties who were summoned as witnesses and some of whom thereafter testified in the case. The court qualified said bills and in his qualification states that he had changed the venue from Jackson to Refugio County by reason of the intense feeling that existed in Jackson County, and that to preserve proper order and decorum in court so that the trial might be conducted in an orderly manner, he deemed it necessary that the officers remain in the court room. This was a matter within the sound discretion of the trial court and in the absence of any showing that the court abused his discretion there is no error. See Brite v. State,

43 S. W., 342; Johnican v. State, 48 S. W., 181; Holmes v. State, 156 S. W., 1172.

Bills of exception numbers five and six are qualified by the trial court and as qualified fail to disclose any error; however, the same might have been well disposed of in the same manner as we disposed of bills of exception numbers three and four.

Appellant in due time objected to the court's charge on the law of principals because the court had erroneously defined the term "principal" and had failed to charge the converse thereof. The court instructed the jury that, "All persons are principals who are guilty of acting together in the commission of an offense and who are present when the same is committed whether they aid or not in the illegal act. When an offense is committed the true criterion for determining who are principals is: Did they advise or agree to the commission of the offense and were they present when the same was committed, whether they aided or not in th commission of the act. If so, then the law is that all are alike guilty."

We do not deem it necessary at this time to determine the correctness or incorrectness of this charge because we do not believe that the testimony raises the issue, and unless such an issue was raised, the court was not required to give any instruction thereon. The State's theory was that the appellant did the actual killing and the facts and circumstances proven on the trial as above set out support said theory. The appellant was positively identified as the person who came to the home of the deceased on the night of the alleged homicide, and that he left with the deceased in the deceased's car going towards the town of Edna. An examination of the body of the deceased after it was recovered from the waters of the Navidad River disclosed three bullet wounds. A forty-four calibre pistol, which had been pawned to the appellant by another negro a short time prior to the homicide, was used in the commission of the offense. A shirt and a pair of pants with blood on them were found in the appellant's home. The car and watch of the deceased were found in the appellant's possession, and appellant tried to disguise the car by washing the paint off with lye water. These facts and circumstances clearly point to the appellant as the actual perpetrator of the crime and do not call for an instruction on the law of principals, and unless the testimony offered by appellant raised such an issue, he was not entitled to an instruction thereon. Appellant testified in his own behalf that his brother, Oscar Brown, did the killing; that he was not present when the offense was committed; that he

did not know it was going to be committed and did not know it had been committed until after his brother had commanded him to get into the car and go with him to the river; that just before they arrived at the river bridge, he noticed the body of the deceased in the car between the front and rear seat; that he then at the request of his brother assisted him in disposing of the body—which, if true, made him an accessory after the fact, but he did not object to the court's charge because the court failed to instruct the jury on alibi or on the law of accessories. Hence no error is shown. See Durham v. State, 16 S. W. (2d) 1092; Coffman v. State, 56 Texas Crim. Rep., 75.

All the remaining bills of exception have been carefully examined and the questions there raised have been virtually disposed of in the disposition we have made of the preceding bills of exception. However, they all seem to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.