## William D. Fox v. Joseph D. Shipman.

*Warrants for school moneys: Not negotiable.* Warrants drawn by the officers of School Districts upon the Township Treasurer to pay school moneys to the Assessor are not negotiable; and no action can be maintained upon them by any person to whom they may have been transferred.

*Heard and decided October 13.*

Error to Calhoun Circuit.

This was an action of assumpsit brought by William D. Fox against Joseph D. Shipman before a Justice of the Peace for Calhoun County.

The plaintiff declared verbally as follows: "Plaintiff declares v. defendant on the common counts in assumpsit generally, and specially on an acceptance of a written instrument, which written instrument is in the words and figures following, to wit: "To the Treasurer of the township of Sheridan, pay to S. E. Geiger, Assessor of School District Number One in said township, the sum of two hundred and thirty four dollars out of moneys voted by the said District, in your hands belonging to said District.

"Dated at Sheridan, this 19th day of December, 1868.

"Signed,            CHARLES MUFFLEY, Director.

"Countersigned,     HARVEY B. HALL, Moderator."

An acceptance of the order was written at the foot of it,
     "Signed,                J. D. SHIPMAN, Treasurer."

It was endorsed :

" Pay to the bearer the within order.

                                    S. E. GEIGER."

. The defense was the general issue and notice.    On the trial before the Justice a judgment was rendered for the defendant; and the plaintiff removed the cause, by appeal, to the Circuit Court for the County of Calhoun.

At the trial in the Circuit Court the warrant was offered in evidence and objected to.    The Court sustained the objection, and, there being no other evidence directed a judgment of non-suit to be entered; which the plaintiff brings into this Court by writ of error.

THE COURT held, that the warrant, or school order,—as the bearer of which the plaintiff brought his action,—was not a negotiable instrument: that it was an official order made by public officers,—the Moderator and Director of the school district, (*Laws of 1867, p. 43 § 53*), upon another, the Township Treasurer, to pay a sum of money to still another, the Assessor, who is the disbursing officer of the district, (*Comp. Laws* § *2,275*) ; the duties af each of which are defined by the statutes: that the paying and receiving of the money were official acts, performed in the execution of public trusts, and that the Treasurer was under no obligation to pay the money to any other person than the Assessor named in the warrant.

The judgment of the Court below was affirmed with costs.

*T. G. Pray,* for plaintiff in error.

*J. G. Lodge,* for defendant in error.