that, it was incumbent on the plaintiff to prove it. In this case it was incumbent upon the plaintiff to prove that the endorsement was made by Blair and that he had authority, and the admission of the note without evidence of plaintiff's title was error. Judgment reversed with costs, and a new trial ordered.

------------------

FRACTIONAL SCHOOL DISTRICT No. 4 OF MACOMB AND CHESTER-FIELD vs. CHARLES A. MALLORY.

Order of School Directors upon Treasurer held void, not having been drawn upon Assessor and countersigned by Moderator.

Error to Macomb Circuit.

*Opinion by* CHRISTIANCY J.—Mallory brought assumpsit in a Justice's Court against the district on the following order :

"Treasurer of the Township of Macomb, County of Macomb :

On the first day of February, 1866, pay Adams, Blackman & Lyon, or bearer, the sum of thirty-three dollars out of the expense fund belonging to District No. 4, fractional townships of Macomb and Chesterfield, for teacher's daily register, school district record, and other school blanks purchased by the undersigned for the use of said district, with use at ten per cent. from date until paid.

WILLIAM GAMBER, Director.

Countersigned,

LANCEY WESTON, Moderator."

The funds in the hands of the Township Treasurer, upon which the order was drawn, were raised by tax for the district and collected by the Treasurer. The defendant on the trial before the Justice, objected to the reception of the order, but the objection was overruled and the plaintiff recovered judgment for the amount of the order, with interest and costs. The judgment was removed to the Circuit and affirmed. Thence it was taken to the Supreme Court.

*Held*, That the order was void upon its face. The Director had no power to draw any order on the township Treasurer for any money of the district in his hands payable to any one but the district As-

sessor, who is the disbursing officer of the district. Debts of and claims against the district (like that indicated by this order,) are to be paid by orders drawn by the director upon the Assessor and countersigned by the Moderator. *C. L.*, Secs. 2272, 2275 and 2296.— These sections were in force when this question came up and the amendment of 1869, (p. 183, note.) renders the matter still more clear.

Judgment below reversed, and defendant in error to recover costs in all the courts.

---

## THE PEOPLE *vs.* GAIGE.

Where a person injured a structure of plank, in the bank of a river in a place where the bank had been washed away by a freshet, such structure not extending across the river, or the natural current thereof, *Held*, that such person is not liable under the provisions of the statute, *C. L.*, § 5790, against injuring and distroying dams, reservoirs, canals, &c. The structure referred to is not to be treated as a dam within the meaning of this statute.

Error to Hillsdale Circuit.

*Opinion by* CAMPBELL, C. J·—This was an information against the defendant for a supposed offense against the provisions of section 5790 of the *Compiled Laws.* The section provides for the punishment of any person who shall wilfully and maliciously break down, injure remove or destroy any dam, reservoir, canal or trench, or any of the wheels or machinery of any mill, or shall wilfully or wantonly without color of right draw off the water contained in any mill pond, reservoir canal or trench. The information charged the defendant in different counts with having wilfully and maliciously broken down, injured removed and destroyed the dam of a certain water mill of one Luther Tyler; in the township of Scipio, and with having wantonly drawn off the water contained in the mill pond of a certain water mill in the possession of said Tyler in Scipio aforesaid.

The Circuit Judge returned that there was no evidence to sustain the latter charge, but a general verdict seems to have been found on all the counts. The bill of exceptions showed that counsel for the people gave evidence tending to show that defendant about October 11. 1869, injured a structure of plank, built in the bank upon the Kal-