SCHOOL DISTRICT No. 9 IN MIDLAND v. SCHOOL DISTRICT No. 5 IN MIDLAND.

*School moneys—A school district may be sued for money had and received.*

The assessor of a school district is the lawful treasurer and depositary of school district funds, and all moneys must pass through his hands and be paid out by him on proper orders.

A town treasurer can pay school moneys only to the school district assessor, and then only on the warrant of the proper district officers.

Mandamus for the payment of money can issue at the instance of one municipal corporation against another only when there are

statutory or legal relations between them to authorize it, and the obligation to pay has been legally liquidated.

An action for money had and received is the only proceeding by which to liquidate a demand against a municipal corporation for money belonging to the plaintiff and wrongfully in its possession.

One school district that has wrongfully received money belonging to another cannot, in an action by the latter to recover it, require any strict proof of the regularity of the proceedings authorizing it to be collected.

Error to Midland. Submitted April 9. Decided April 15.

ASSUMPSIT. Plaintiff brings error.

*Van Kleeck & Tindall* for plaintiff in error.

*Burton & Hemingway* for defendant in error. Defendant's liability, if any, is statutory and does not attach until the school inspectors have determined the amount justly due, Comp. L., § 3644; *Saginaw v. School District No. 1*, 9 Mich., 541; when fixed, mandamus is the proper remedy. *School Dist. No. 2 v. School Dist. No. 1*, 3 Wis., 333; *Marathon v. Oregon*, 8 Mich., 372; *Dayton v. Rounds*, 27 Mich., 82; *McArthur v. Duncan*, 34 Mich., 27.

CAMPBELL, C. J. This suit was brought by School District No. 9 in Midland to recover a sum due plaintiff as its ascertained proportion of the value of school property in the district of which it was formerly a part.

In 1870 the plaintiff district was set off from the defendant district. The sum of $134.29 was placed on the assessment roll of the township in October, 1870, as the proportion aforesaid to be collected in favor of plaintiff. Instead of receiving this money, plaintiff never obtained any portion of it, and claims it went into the possession of the defendant. An action is now brought for this money as had and received to the use of plaintiff. The court below made no finding on any of these facts, but after setting forth plaintiff's claim under the issue and testimony, held as matter of law that "the law compels the supervisor to assess it upon the prop-

erty of district No. 5, and the district should pay it after it is collected." And the court further held that this payment should be compelled by mandamus and not by suit.

The court, we think, misapprehended the duty of the various officials. The statute is express that the amount placed on the assessment roll for the benefit of the new district, when collected, "shall be paid over to the assessor of the new district, to be applied to the use thereof, in the same manner, under the direction of its proper officers, as if such sum had been voted and raised by said district for building a school-house, or other district purposes." Comp. L., § 3647.

The assessor is the lawful treasurer and depositary of district funds and all moneys must pass through his hands and be paid out by him on proper orders. The school moneys are drawn from the town treasurer and placed in the hands of the assessor on the warrant of the proper district officers. It has been held by this court that the town treasurer has no right to pay school moneys to any one but the assessor, and cannot pay over money on warrants or otherwise to other persons. *Fox v. Shipman*, 19 Mich., 218. Any other kind of order is void upon its face and will not protect the treasurer. *Fract. School Dist. No. 4 v. Mallary* 23 Mich., 111.

There was no lawful way in which any of this money could pass into the hands of school district No. 5, the defendant, and therefore there could be no such statutory and legal relations between them in regard to it as would authorize resort to a mandamus, which can only issue against municipal corporations for the payment of money when the obligation to pay it has been determined by some legal liquidation. If any of this money is in the hands of defendant it is there wrongfully, and can only be liquidated by an action for money had and received. If the town treasurer transferred this fund to defendant instead of to the plaintiff, we do not think there is any objection to the form of action adopted

here. And money thus received by the town treasurer on an assessment roll in favor of plaintiff and paid over, would not require any strict proof of the regularity of the proceedings under which it was authorized to be collected. That question could not be raised by the parties who had received it under such circumstances.

But we think it may be open to question whether the facts indicated by the proofs show that defendant is the proper respondent. We have no means of determining the facts, because they have not been found. But we deem it our duty to call attention to this question as it may affect the policy of future proceedings.

The testimony seems to indicate that the town treasurer paid no money to the assessor of defendant, but in some way undertook to settle his accounts with school orders. He certainly had no right to receive school orders on defendant for this particular tax, because defendant had no interest in it. There was no legal way in which he could be discharged from his liability to pay over any moneys to defendant, except through warrant drawn in favor of the assessor and paid directly to him. Unless the assessor received the orders voluntarily he could not be compelled to do so. It is not the town treasurer's business to determine on the validity and obligation of such orders, and if he took them for taxes he took them at his peril. Whether the defendant ever received this fund from him in money or what was treated by its authorities in some regular way as its equivalent, does not appear. It may have done so, and it may be that the fund was transferred in that way so as to pass into the wrong district, in a shape to be clearly identified. But inasmuch as the township treasurer had no right whatever to use the fund for any purpose except to pay it over to plaintiff, the fund once received by that officer is liable to be accounted for to plaintiff as if never drawn out by anybody. There can be no question of the right of plaintiff to demand all taxes collected for plaintiff from the legal depositary; and it may be

difficult to establish any state of facts to create a corporate liability elsewhere.

We think the court erred in its legal conclusions, and we also think it is possible for one district to be liable to respond to another for money had and received. We therefore are required to reverse the judgment with costs and order a new trial. But we call attention to the question whether upon the facts the remedy may not have been improvidently chosen.

The other Justices concurred.