### Lish Monroe v. The State.

#### No. 4142.   Decided April 14, 1909.

#### Rehearing Denied May 19, 1909.

**1.—Local Option—Continuance—Right of Representation by Attorney.**

Where upon appeal from a conviction of a violation of the local option law, it appeared from the record that defendant's attorney had telegraphed from a distance to another firm of lawyers that he was very sick, and requested them to take charge of the case and that he would return on the day of trial; that the case was postponed for two days and then tried by the attorneys who were asked to represent the defendant by the absent attorney; and it was not shown that there was any testimony which would have been secured by the presence of the absent attorney, or that defendant's rights were injured by reason of said absence, there was no error.

**2.—Same—Information—Bad Spelling.**

Upon trial of a violation of the local option law the motion to quash the information on the ground of bad spelling was correctly overruled.

**3.—Same—Complaint.**

Where upon trial of a violation of the local option law the complaint upon which the information was based was according to precedent, there was no error.

Appeal from the County Court of Williamson.. Tried below before the Hon. T. J. Lawhon.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*J. F. Taulbee* and *Wilcox & Graves,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Conviction was had in this case for violating the local option law.

When the case was called for trial appellant made a motion to continue the case on account of the absence of his attorney. That the absent attorney telegraphed from Fort Worth to another firm of attorneys at Georgetown that he was very sick, requesting them to take charge of his cases in court, stating that he would be home on the night of June 1, and that said attorneys believing the

absent attorney would be at home on the night of June 1 had not had sufficient opportunity to make preparations to try the cause, and that they were expecting said attorney home in time to try the case and, therefore, appellant did not attempt to employ other counsel. The attorney not having arrived, the case was represented by Wilcox & Graves, the firm of lawyers to whom the telegram had been sent. There was a contest over the matter, among other things, it was stated that the absent attorney had sent no message since the one referred to and that there was no prospect of his return during the then pending term of court. The court overruled the application and placed appellant on trial. Exception was reserved. The bill is qualified in this wise by the court: This cause was called for trial on June 1, 1908, and was postponed for call till June 2. Upon motion made by Wilcox & Graves, for reasons stated in the motion, at which time defendant was informed that this cause would be called for trial when reached regularly on docket, said cause was not again called for trial till June 3, when defendant appeared represented by attorneys Wilcox & Graves and J. F. Taulbee.

The case was tried on June 3, resulting in a conviction. We are of opinion that as the matter is presented there is no such error shown as requires a reversal of the judgment. It is not shown how appellant was hurt or could have been injured otherwise than by the mere statement of the absence of the attorney. During the two days after sending the telegram preparation could have been made to secure evidence or get in readiness for the trial, and the record fails to show and the application does not disclose in what manner he was injured or may have been injured by reason of the absence of the mentioned attorney. It is not shown that there was any testimony or witnesses that was not secured upon the trial which could have been secured by the presence of the absent attorney. Nor is it in any way claimed that appellant was injured, and, so far as the record is concerned, he seems to have been well defended.

The motion to quash the information is not well taken. In regard to the bad spelling alleged, it is held that such spelling does not vitiate an information.

Finding no error in the record, the judgment is ordered to be affirmed.

*Affirmed.*

### ON REHEARING.

### May 19, 1909.

DAVIDSON, PRESIDING JUDGE.—At a former day of this term the judgment in this case was affirmed on the merits of the case. The motion for rehearing is based upon the alleged insufficiency of the complaint to charge the offense of violating the local option law. This complaint or affidavit is in the same condition as that in the

case of Jim Alexander v. State, this day decided. For the reasons there given the motion for rehearing in this case will be overruled and it is accordingly so ordered.

*Overruled.*