BRYANT CONNER v. THE STATE.

No. 11863. ·Delivered June 23, 1928.
Rehearing denied November 25, 1928.

The opinion states the case.

*C. P. Chastain* of Hamlin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment confinement in the penitentiary for 18 years.

We are not in accord with appellant's contention that the evidence is insufficient to support the conviction. Appellant directs our attention to circumstances which he asserts render the testimony of prosecutrix, Lynna Pearl Bills, unreasonable. In most instances, it may be said that the matters which appellant asks this court to consider as showing that the testimony is unreasonable are concerned entirely with the failure of the state to corroborate prosecutrix's testimony. For example, prosecutrix testified that she reported the outrage to her mother shortly after it occurred. The state failed to use the mother as a witness. Again prosecutrix testified that she was at the Haskell Theater where the offense was committed at the instance of a girl who belonged to the Girl's Auxiliary and that she did not know the girl. The state offered no evidence in an effort to corroborate such statement. Haskell Theater is situated in the business portion of the town. Prosecutrix testified that appellant carried her to a basement in the back of said building and raped her while she cried and screamed. She further testified that there was no one at the front of the building where she was standing when appel-

lant grabbed her, and that there was no one at the back of the building where she left to go home by a circuitous route, for the purpose of avoiding being seen in disarrayed and soiled clothing. The state produced no witness who had seen prosecutrix near the Haskell Theater at the time under consideration, and no witness testified to having heard an outcry. However, a witness for the state testified that a partition in the theater cut off the sound of the voice from the basement in the back. The failure of the state to corroborate prosecutrix in the particulars described may be subject to criticism but would not within itself stamp her testimony as so unreasonable and incredible as to make the conviction unwarranted. It is but a reiteration of the rule announced by the decisions to say that corroboration is not essential to a conviction for the offense under consideration. It is true that the case is of a character "requiring special scrutiny by the jury, and a careful weighing of the evidence, with all remote and near circumstances and probabilities." Blumenthal v. State, 267 S. W. 727. In the Blumenthal Case, Judge Morrow said:

"The law does demand, however, that the conviction be the result of a fair trial in which there is brought before the jury in a legal manner, competent evidence of a nature and quantity such as would uphold the conclusion of the jury that beyond a reasonable doubt the offense charged had been committed by the accused."

Bearing in mind the principles controlling, we briefly advert to the evidence relied upon to sustain the conviction, with the observation that we find no self-contradictory statements of a material character in the testimony of prosecutrix and that, although not corroborated in some particulars in which it would appear that her testimony might have been corroborated, a careful scrutiny of her statement touching the circumstances surrounding the commission of the offense warrants the conclusion that her testimony was not unreasonable. In this connection, as supporting prosecutrix, attention is called to the fact that prosecutrix was examined by a physician within twenty-four hours after the commission of the offense, who testified that her hymen was bruised and torn, her vagina stretched and that in his opinion her female organ had been penetrated less than twenty-four hours before the examination was made. Again, the city marshall of Haskell testified that he approached appellant on the morning after the offense had been committed and said to appellant relative thereto: "Bryant, what in the world did you do yesterday afternoon?" According to this witness, appellant replied:

"I guess I just lost my head." Prosecutrix was twelve years of age. Appellant was twenty-five years of age. Appellant lived with his wife and two small children in an apartment in the town of Haskell just across the street from where prosecutrix lived with her parents. Appellant was employed as a motion picture operator at the Texas Theater, which was situated on the south side of the public square in Haskell. The management of this theater controlled and managed a second theater situated on the east side of the public square. The Texas Theater was run regularly, while the second theater, known as the Haskell Theater, was only operated on Saturdays and on special occasions. Among other things, it was appellant's duty to place advertising posters at the Haskell Theater. Prosecutrix testified, in substance, that she had gone to town for the purpose of meeting a girl belonging to the Girl's Auxiliary; that the appointed place was the Lisles Hotel, which was next door to the Haskell Theater; that upon reaching the hotel, she found that the girl was not there; that she was standing near a door of the Haskell Theater looking at some pictures when appellant opened the door, caught her by the arm and pulled her inside; that he placed his hand over her mouth, shut the door, picked her up and carried her down the aisle and into a basement at the back of the building; that she endeavored to scream, but that appellant kept his hand over her mouth, thus preventing any outcry; that upon reaching the basement, appellant removed her underclothes, laid her down and had sexual intercourse with her without her consent; that she tried to prevent him from accomplishing his purpose telling him that she was going to report the matter; that she screamed and cried while he was ravishing her; that after appellant had accomplished his purpose she put her clothes on and went home; that she met no one on the way home, as she was traveling an indirect route because of the condition of her clothing; that she did not report the matter to her mother until after supper as she was ashamed to tell her about it in the presence of her father; that her clothes were stained and had blood on them; that appellant assaulted her about four or a little after four o'clock in the afternoon. Testifying in his own behalf, appellant denied that he had had sexual intercourse with prosecutrix and declared that he was at the Texas Theater during the entire afternoon on which prosecutrix alleged that he had outraged her. Appellant's testimony relative to an alibi was supported in a measure by that of his wife and others, who stated that they saw him at the Texas Theater practically all of the afternoon in question. Appellant further gave testimony tend-

ing to show that prosecutrix had become angry with him because of the fact that he had refused to give her passes to the picture show. Prosecutrix denied that she had requested appellant to give her passes to the picture show and declared that she had not become angry with appellant.

The jury were the judges of the credibility of the witnesses and the weight to be given to their testimony. It was within their province to reject the testimony of appellant and his witnesses and accept as true the testimony in support of the state's theory. Having so done and the evidence being sufficient to support their finding, this court would be unauthorized to set aside the verdict on the ground that the evidence is insufficient.

Bills of exception Numbers 1 to 4, inclusive, will be considered together as they relate to the same subject. It is shown by said bills that while the wife of appellant was on the witness stand she was questioned by the district attorney touching testimony she gave before the grand jury. The district attorney held the evidence taken before the grand jury in his hand and asked the witness if it wasn't a fact that she swore before the grand jury that she was in front of the Texas Theater where her husband worked from 3 p. m. until 3:30 p. m. The witness answered, "I guess so." The bills of exception do not set forth the testimony given on the trial of the case by appellant's wife. It is stated that the questions and answers of the witness tended to contradict and impeach her testimony given on the trial. It is shown that appellant interposed proper objection to the interrogation of the witness concerning matters she may have testified to when before the grand jury. It is further shown by said bills of exception that the witness had been legally subpoenaed to appear before the grand jury. There is nothing in any of the bills to show that it was not at the instance and request of appellant that his wife was summoned to appear as a witness before the grand jury. The court qualified each of said bills as follows:

"No Grand Juror or other person testified upon the trial of this case about anything the witness may have stated or sworn to in the Grand Jury room. Neither was the statement made by the witness in the Grand Jury room or before the Grand Jury, nor any part of the same, introduced in evidence upon the trial before me for any purpose. The witness was examined by counsel for the defendant before she ever answered the question set out in the bill and she stated she was subpoenaed at Hamlin in Jones County, Texas, to come before the Grand Jury in Haskell County, Texas, and that she

was warned before the Grand Jury that she did not have to testify before the Grand Jury against her husband and that she did not testify against him there. The defendant testified upon the trial of this case in his own behalf and after his wife had testified and he did not testify that he did not cause his wife to be brought before the Grand jury. There was no evidence introduced to show who caused the wife of the defendant to be subpoenaed before the Grand Jury. The only thing that was said about the matter was by Defendant's counsel when he was objecting to the testimony of the witness and it was as follows: 'I don't know who had her brought before the Grand Jury, but whoever did knew and bound to have known that she could not, and had no right to be compelled or even requested to testify in any way against her husband, and we object to this testimony or any reference to it by the District Attorney.' "

If the bills of exception made it clear that the wife of appellant had been taken before the grand jury under process, not at the instance of appellant, the question could be disposed of on the authority of the cases cited in appellant's brief. Doggett v. State, 215 S. W. 454; Johnson v. State, 148 S. W. 328. It is held in the cases above cited that if the wife is taken by process before the grand jury and is made to testify, her statements cannot be proven for impeachment purposes, even though pertinent to the examination in chief. However, if appellant in fact requested the grand jury to summon his wife in order that she might testify to things favorable to him and she appeared before the grand jury and made statements contrary to her testimony afterwards given on the trial which were pertinent to her examination in chief and as to a material matter, the state was authorized to prove her statements made to the grand jury for the purpose of impeaching her. It was incumbent upon appellant to show by his bills of exception that his wife was summoned before the grand jury not at his instance and request. Rodgers v. State, 236 S. W. 748. The legal presumption is that the ruling of the trial court is correct unless the bill of exception shows otherwise. It follows that the bills of exception under consideration fail to manifest reversible error.

The indictment contained three counts. The first two counts charged rape on a female under the age of consent. The third count charged rape by force. Only the first count was submitted in the charge of the court. The state's evidence showed that prosecutrix was raped by force, and further showed that she was twelve years of age and not the wife of appellant. Appellant timely ob-

jected to the charge on the ground that the facts authorized only the submission of rape by force, and that the jury should have been instructed to acquit appellant unless they believed beyond a reasonable doubt that appellant committed the offense by the use of force without the consent of prosecutrix. The objection was not well taken. It being undisputed that prosecutrix was under eighteen years of age, carnal knowledge alone was sufficient to sustain the charge. Appellant denied the act. Prosecutrix testified positively that appellant carnally knew her. Obviously the allegations of the count of the indictment submitted to the jury were sustained. Arnett v. State, 105 Tex. Cr. R. 132; Dyer v. State, 283 S. W. 820.

The court did not err in refusing to limit the testimony of the physician, who testified relative to the condition of the sexual organs of prosecutrix. Such testimony was admissible as a circumstance tending to prove the main issue. In his Annotated Penal Code of Texas, Section 189, Mr. Branch states the rule as follows:

"The rule requiring the court to restrict and limit the purpose for, which certain testimony has been introduced does not apply when the admitted testimony is admissible to prove the main issue."

Finding no reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE:—Appellant files a motion for rehearing in which he takes up seriatim et literatim each complaint made upon the appeal originally, some ten in number, and proceeds to state: That this Honorable Court erred in holding as it did in its opinion. No authorities are cited in support of any of these propositions, nor is there any argument advanced, or any attempt made to show this court wherein its opinion was in error in any particular.

The motion for rehearing will be overruled.

*Overruled.*