W. H. DURHAM v. THE STATE.

No. 12319.   Delivered April 5, 1929.
Rehearing denied May 15, 1929.

*Murchison & Davis* of Haskell and *Kirby, King & Ocershiner* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession for the purpose of sale of intoxicating liquor; penalty, two years in the penitentiary.

Appellant was arrested by an officer at Hamlin, Jones County, as he started to get in a car. The car was searched and seventeen quarts of whiskey were found therein. At the time one Chester Smith was in the car. Chester Smith was jointly indicted with appellant but his case prior to this trial had been dismissed. Chester Smith testified in part:

"I don't know where I bought that whiskey, it was out southwest of Aspermont. * * * Bill (the appellant) knew where we could get it. Bill didn't carry me out there, he told me where to go. * * * He told me which way to drive. As to what Bill said about buying the whiskey, I had the money and he didn't have any. * * * The agreement we had about it, I was supposed to get the money and furnish the car and if there was any sold he would sell it. * * * The agreement I had with defendant was that we would split the profits. That was all of our agreement. We did not talk about where we would go to sell it. * * * I had a sister at Hamlin then and I wanted to see her and it was just natural to come there. I guess I would have sold it if I had had a chance."

It is insisted that the Court erred in failing to charge that Smith was an accomplice. Appellant's contention is without merit as by the terms of Art. 670, C. C. P. (1925), a witness in this character of case who is shown to be a participant in the offense is exempted from operation of the accomplice statute. Jaggers v. State, 104 Tex. Crim. Rep. 174.

The Court charged the jury:

"All persons are principals who are guilty of acting together in the commission of an offense."

Applying the law to the facts, he required the jury to believe beyond a reasonable doubt that appellant unlawfully possessed for the purpose of sale spirituous, vinous and malt intoxicating liquors. He did not specifically apply the law of principals to the facts of the case. Exceptions were urged to the charge of the Court, which in substance are: (1) because there are no facts in this case warranting the Court submitting in his charge the law of principals, (2) that the law of principals was not applied to the facts in the case, and (3) the quoted portion of the Court's charge was upon the weight of the evidence.

If any defensive issue was raised by the testimony of the fact of appellant acting as a principal, then the Court should have affirmatively applied the law of principals to the facts of the case and authorized an acquittal if the jury had a reasonable doubt as to the existence of any defensive fact raised by the testimony. Gentry v. State, 24 Tex. Crim. App. 478. But it is a further rule of law that the charge should conform to the facts and that it is error to submit any theory of the case not made by the facts which is adverse to the accused. Finks v. State, 209 S. W. 158. The Court authorized the conviction of the appellant as a principal offender. There was no testimony raising any other issue. The effect of the second of appellant's objections, above mentioned, is that the jury was not authorized to convict him on a theory additional to that submitted by the Court. Of course if the Court charged the law of principals under Art. 65, P. C., and the evidence suggested that appellant was merely present and did not participate in the commission of the offense, such defensive matters must be affirmatively submitted. Davis v. State, 85 Tex. Crim. Rep. 15. If he had agreed to the commission of the offense but was not present, he was entitled to an affirmative presentation of such defensive theory. Art. 69, P. C.; Pizana v. State, 81 Tex. Crim. Rep. 81.

There are other defensive issues which might be raised when the law of principals is charged, but the above satisfactorily illustrates the point that such matters need be submitted only when raised by the evidence and the law of principals is charged offensively for the State. The Court, however, in this case authorized a conviction only if appellant was the actual offender, that is that he actually possessed unlawfully for the purpose of sale intoxicating liquors. There is no testimony that raised any of the defensive matters mentioned above. The Court did not authorize a conviction upon any theory that would justify the submission of any of these defensive matters. We do not think the evidence raised any theory of his guilt as a principal under Arts. 65, 66, 67, 68 and 69 of the Penal Code. Assuredly it would not have helped appellant any for the Court to have authorized his conviction upon these additional theories.

There being no evidence which in our opinion justified the application of the law of principals to the facts of this case, we overrule appellant's contention in this respect. Moreover, under the peculiar facts of this record, we do not believe that the statement of the Court of the law of principals as contained in Art. 65 of the Penal Code as an abstract proposition of law was, if error, calculated to injure the rights of appellant. Under Art. 666, C. C. P., this Court

is inhibited from reversing for any error in the charge, unless we can say that same "was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." The appellant introduced no testimony. The facts are undisputed. If Smith is to be believed, appellant was guilty because of his own acts. He directed in part the movements of the car. He engaged with Smith and participated with him in every unlawful act. They were engaged upon a joint enterprise and there can be no difference in their guilt. The possession was the possession of both of them and every unlawful act was the act of both jointly. It was not necessary for the Court to refer to Art. 65 in any manner but such reference, we think, could not have injured the appellant.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing and argument of counsel it is earnestly insisted that reversible error was committed in embracing in the charge the abstract statement that "all persons are principals who are guilty of acting together in the commission of an offense," insisting that the charge is misleading in the absence of an additional instruction applying the law of principals to the facts of the case. If it were upon the law of principals that the State relied for a conviction the soundness of the proposition would not be open to controversy. See Edwards v. State, 259 S. W. Rep. 578, and precedents therein collated. By the statute, Chap. 1, Title 3, P. C., 1925, where an unlawful act is committed by one and another person is present and takes no actual part in the crime, but by his acts, words or gestures, gives encouragement or aid, or furnishes arms or means to commit an offense, or by any indirect means, such as laying poison where it may be taken, or who advises or agrees to the commission of an offense and who is present when committed by another, he is a principal. Under these statutory provisions, one may be convicted as a principal who took no actual part in the commission of the offense. When one so situated is tried for a crime which another actually committed, it becomes necessary that the legal principles arising under the facts adduced in evi-

dence which would make him guilty be explained to the jury in an appropriate and adequate charge.

The present is the third appeal of the case under consideration. It is reported in 290 S. W. Rep. 1092, and 7 S. W. (2d) 92. On each of these appeals the evidence is set out in somewhat more detail than in the original opinion in the present case.

An officer saw some whisky in the car. The appellant was about fifteen feet from the car. He walked to it and as he started to get into it the officer spoke to him. A conversation took place in which the appellant stated that he resided in Aspermont; that he had come over to Hamlin to do some trading. From the officer's testimony we quote:

"I says, 'Looks like you been shopping a right smart from the looks of your car.' He caught hold of me and says, 'Step out here a minute, I want to talk to you.' "

Upon searching the car the officer found "seventeen quarts and a piece of a quart of whisky laying on the back seat."

Chester Smith was indicted for the offense but at the time of the trial the case against him had been dismissed. He claimed in his testimony that he expected it to be dismissed but did not know that the dismissal had taken place. The inference is clear that he had been promised immunity in consideration of his testimony. From his testimony it appears that he and the appellant were acquaintances and residents of Stonewall County; that they came together from Stonewall County to Hamlin in a car which belonged to Smith, arriving at Hamlin at night; that in the car there were seventeen quarts of whisky brought to Hamlin; that the whisky was bought with Smith's money under an agreement with the appellant that he was to sell it and the profits be equally divided between them; that at the time of the arrest none of the whisky had been sold; that about ten minutes before his arrest the appellant had left the car; that when the whisky was purchased Smith did not know where it was gotten or the name of the seller; that he got his information from the appellant and was by him shown where to drive the car that went after the whisky.

When the evidence shows that the accused on trial was a principal actor in the commission of the offense; no charge on principals would be necessary although the proof may also disclose that in doing the criminal act another took an equal part.

In Coffman's case, 56 Tex. Crim. Rep. 75, it appears that John Coffman and Ben Coffman were charged in separate indictments

with murder. See Coffman v. State, 51 Tex. Crim. Rep. 487; and Coffman v. State, 56 Tex. Crim. Rep. 75. In his appeal, Ben Coffman complained of the failure of the court to charge upon the law of principals. It was shown by direct testimony that the fatal blow was struck by Ben Coffman. To connect John Coffman with the offense circumstances were relied upon. John Coffman was the father of Ben Coffman. Judge Davidson, writing the opinion of this court, used the following language:

"Had the father been present and done the killing, and there was a question of whether appellant aided in the homicide in any manner, then there might possibly be some question of the court's action, but we do not see how a charge upon this phase of the law could possibly have benefited appellant, especially in view of the fact that his theory denied any complicity on the part of his father or any conspiracy between them."

The evidence being direct and uncontroverted that the appellant and Smith were joint possessors of the whisky, it seems obvious that there was no necessity for a charge on the law of principals. In the matter of possessing the whisky, the appellant and Smith, according to the testimony, were equally actors. That the purpose for which they had the whisky was for sale is uncontroverted. Moreover, the quantity of whisky possessed by them was prima facie evidence that it was intended for sale. Aside from Smith's testimony, the officer, before the arrest, saw the whisky in the car belonging to Smith and occupied by him at the time. According to the uncontroverted evidence, Smith and the appellant had traveled together in the car which brought the whisky to Hamlin after it had been acquired under an agreement to sell it for profit. The officer saw the appellant in the car shortly after he had left the car and was about to re-enter it. The testimony of the officer touching the conversation with the appellant and his conduct in connection therewith was confirmatory of the State's theory that the appellant was a joint possessor of the whisky for the purpose of sale. To reverse the case because of the charge mentioned would, in our opinion, do violence to the statutory command inhibiting a reversal of the conviction on account of a charge not calculated to injure the rights of the accused. See Art. 666, C. C. P., and the discussion of the article mentioned in the case of Davis v. State, 107 Tex. Crim. Rep. 389. (See page 400).

Upon the record before us, we are constrained to overrule the motion for rehearing.

*Overruled.*