## RALPH JOHNS V. THE STATE.

No. 17576.   Delivered May 22, 1935.
Rehearing Denied June 28, 1935.
Second Motion for Rehearing Denied October 16, 1935.

The opinion states the case.

*C. Y. Welch,* of Quanah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

On May 27, 1934, E. I. Flint lost two head of cattle. He instituted a search the following day and discovered that the cattle had been shot and killed and the hind-quarters of one of them taken. An examination of the remains indicated that the animals had been dead about 18 hours. Upon being notified, officers went to the scene and found a .45 automatic shell in the road near the place where one of the animals had been butchered. They observed tracks which had been made by large casings of an automobile. They followed these tracks to appellant's home. Examining the tread of the casings on appellant's car, they saw that the tracks had been made by said casings. They found blood on the back seat of the car and between the back and front seats. They also found red hair in the car, which they said was the same color as that

of the animals that had been shot. The officers called appellant out of the house and asked him where he had been the night before. He said he had gone to Mr. Copeland's with his wife. They asked him further if he had let anyone have his car on that night. He answered in the negative. They told appellant they were investigating the killing of Mr. Flint's cattle, and asked him to permit them to search his house. He answered that they could not search without a warrant. One of the officers went to town and procured a search warrant. While the officers were outside of the house they saw a man leave the house, running across the road. They started to pursue him but appellant told them that they had better not or they would get hurt. Earl Durham was the party who ran away from the house. A search of the house disclosed no meat or pistols. Appellant had blood on his shoes and pants. A witness for the State testified that, on the night the animals were alleged to have been killed, he heard shots in the direction of the scene of the theft.

A witness for appellant testified that he had borrowed appellant's car prior to the date of the theft; that one of his children had mashed his finger on the car door, causing it to bleed considerably; that the blood got on the car. Appellant's wife testified to the fact that the car had been loaned to said neighbor prior to the theft. She testified further that on the night the animals were alleged to have been killed she and her husband drove their automobile to the home of Mr. Copeland; that when they returned Earl Durham borrowed the car, she having given him the keys; that her husband did not leave the house that night after the car had been loaned to Durham; that later Durham returned and said the car was out of gasoline; that she and her husband went to a point near Mr. Flint's pasture and found their car; that they finally got the car home. Appellant's testimony was substantially the same as that of his wife. He denied that he had anything to do with the killing of the animals or that he had any knowledge that Earl Durham intended to kill them.

We are unable to agree with appellant's contention that the evidence is insufficient.

The court charged the jury as follows: "You are charged that all persons are principals who are guilty of acting together in the commission of an offense and may be prosecuted and convicted as such." Appellant objected to this charge on the ground that the issue of principals was not raised. The court made no attempt to apply the law of principals to

the facts or to submit an instruction authorizing an acquittal if the jury had a reasonable doubt as to the existence of any defensive theory raised by the testimony. However, the court charged the jury at the request of appellant as follows: "You are instructed as a part of the law of this case that should you find and believe from the evidence that the defendant Ralph Johns did on or about the 27th day of May, 1934, loan to Earl Durham his automobile and that the said Earl Durham, while using the said automobile, killed the one head of cattle of E. I Flint, and that the defendant Ralph Johns was not present and did not aid or assist said Earl Durham in the killing of one head of cattle, if he did, you will acquit the defendant and say by your verdict 'Not guilty.'" In applying the law to the facts the court predicated the right of the jury to convict appellant on the finding that appellant, by his own act, stole the cattle. It is unnecessary to decide whether the issue of principals was raised by the evidence. If the issue was in the case, the court should have affirmatively applied the law of principals to the facts and authorized an acquittal if the jury had a reasonable doubt as to the existence of any defensive facts raised by the testimony. Fine v. State, 68 S. W. (2d) 192, and authorities cited. It is error to submit any theory of the case not made by the facts which is adverse to the accused. Durham v. State, 16 S. W. (2d) 1092. However, if it should be conceded that the issue of principals was not raised, we are unable to perceive how the jury could have reached the conclusion that they were authorized to convict appellant upon a theory additional to that submitted in that portion of the court's charge applying the law to the facts. The instruction given at appellant's request advised the jury to acquit him if they believed that Earl Durham, while using appellant's automobile, killed the cattle when appellant was not present and aiding and assisting him in killing same. Under the circumstances, to order a reversal because of the charge mentioned would do violence to the statutory command inhibiting a reversal of the conviction on account of a charge not calculated to injure the rights of the accused. Art. 666, C. C. P.; Fine v. State, supra; Durham v. State, supra.

The court charged the jury on alibi as follows: "You are charged that if the evidence in this cause raises in your mind a reasonable doubt as to the presence of the defendant at the place where the offense was committed, at the time of the commission thereof, you will find the defendant not guilty." Appellant excepted to the charge on the ground that "the court

presumed in the said charge that an offense had been committed." The charge was erroneous in that it assumed that the offense had been committed. If the court had told the jury if they had a reasonable doubt as to the presence of the appellant at the place where the offense "if any" was committed, or had referred to an alleged offense, it would have put the matter in a different light. Appellant cites the case of Supina v. State, 27 S. W. (2d) 198, in support of his contention. We take it that in that case there was an issue as to whether the offense had been committed. In the present case it was uncontroverted that the offense of theft had been committed by some person. The issue was whether appellant was the guilty person. Such being the case, we are unable to perceive how the error in the charge could have harmed appellant. Hence, under the provisions of Art. 666, C. C. P., we would not be warranted in ordering a reversal. Fine v. State, supra.

Bill of exception No. 1 recites that the indictment alleged that one head of cattle belonging to Mr. Flint was stolen and that the State proved that two head were killed. Appellant objected to the testimony on several grounds. The bill of exception sets out no facts or circumstances which would indicate that the testimony was not admissible. In short, we have in the bill the testimony given by the witnesses and appellant's objections thereto, without the grounds of ojection being supported. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, sec. 209; Edelen v. State, 103 Texas Crim. Rep., 562. The bill not being sufficient to enable us to determine whether the trial court committed error in admitting the testimony, we must presume that the court's ruling was correct.

It appears from bill of exception No. 2 that appellant's wife was recalled to the stand by the district attorney for further cross-examination; that the district attorney read from her testimony given before the grand jury and asked her in effect if she had not testified before the grand jury that Earl Durham did not ask her husband for the automobile before she and her husband went to bed, and, further, if she did not testify that Durham had a date. The witness had testified on the trial that Durham asked for the car after she and her husband went to bed and she got the key and gave it to him. Appellant's objections were that said testimony was not

germane; that the court was requiring the witness to testify against her husband; that she had been forced to testify before the grand jury; that said testimony was not available to impeach her. The objections are not supported by any facts or circumstances set forth in the bill of exception. The same rule mentioned in connection with the consideration of bill of exception No. 1 is applicable here, that is to say, a mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. That the wife may be impeached by proof of contradictory statements made to third parties as to material matters inquired about on her direct-examination is well settled by the decisions. Rodgers v. State, 91 Texas Crim. Rep., 38. Stated in another way, the wife may be impeached by showing declarations made by her to a third party which are contrary to her testimony upon the witness stand, if pertinent to the examination in chief. Where a wife testifies before the grand jury voluntarily and at the instance of her husband who may be under investigation, the declarations made to the grand jury, if contrary to her testimony given upon the trial of the case, and pertinent to the examination in chief, may be proven for the purpose of impeachment. Escobar v. State, 51 S. W. (2d) 346, and authorities cited. As far as the record discloses the matter, appellant's wife might have gone before the grand jury voluntarily and at the instance of her husband. Under the circumstances, we must presume that the ruling of the trial court was correct. See Cochran v. State, 16 S. W. (2d) 1065, and Conner v. State, 11 S. W. (2d) 169.

The judgment is affirmed.

*Affirmed.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that the evidence did not measure up to the standard required where the State relies on circumstantial evidence to support the conviction. Many cases are cited by appellant in his motion for rehearing in which this court has felt called upon to hold the evidence

inadequate. No two cases are alike upon the facts, and each one must necessarily stand or fall upon the record of the particular case. Where evidence is contradictory and the verdict shows that the jury accepted the State's evidence as true, the case must be viewed in the strongest light for the State in determining the question of the sufficiency of the testimony. To our minds the evidence for the State shows the following facts: The animal charged to have been stolen was a red Durham yearling. It was killed in the road, and the body placed in a car, the tracks of which were well defined in the road at that point. They were followed to a point where the remains of the animal were found. It had not been skinned, but the entrails and paunch had been taken out and thrown in some nearby brush. The hind quarters had been removed and taken away. From the point where the disemboweled carcass was found the same car tracks heretofore mentioned were followed to appellant's house, where the car was standing in the yard. The car belonged to appellant. In the car was blood and red hair. Blood was upon the shoes and clothing of appellant. He told the officers the car had not been loaned to anyone the night before; that he had the key to the car in his possession during such time. The circumstances thus proven by the State point unerringly to appellant as the perpetrator of the theft. On the trial appellant denied having blood on his clothing and shoes, and claimed to have loaned his car to another party on the night in question—this was discounted by the jury, and should not be weighed by us against the State in passing upon the sufficiency of the evidence.

Believing the case was correctly disposed of originally, the motion for rehearing is overruled.

*Overruled.*

## ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant asks leave to file a second motion for rehearing in order that he may again discuss the testimony and the sufficiency of the charge on alibi. The court's charge on alibi was in approved form, and the sufficiency of the testimony has been again reviewed and affirmed.

Appellant's application is respectfully denied.

*Denied.*