**John Forrest LOWE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36848.**

Court of Criminal Appeals of Texas.

April 8, 1964.

Orville A. Harlan, Houston (On Appeal Only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Lee P. Ward, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with three prior felony convictions alleged for enhancement; the punishment, life.

A Texas Ranger and two Houston City Police Officers, who had received information that a certain building was to be burglarized that night, proceeded to the building, and after securing permission from the owner, secreted themselves therein. After a short wait, they heard the rear door of the sheet iron building being forced open. Shortly thereafter, appellant, whom they knew and whom they were able to identify with the aid of light coming in the windows of the building, and one Bourg entered the building. After they had proceeded a distance therein, one of the officers called out, "Hold it right there." This was answered by pistol fire from one of the burglars. The officers returned the fire; one of the burglars fell and the other escaped through the entrance which they had forced. After the lights in the building were turned on, it was discovered that Bourg, who was unarmed, had been killed. Appellant was not apprehended until some hours later. It was discovered that he had been shot once in the leg and once in the back.

The prior convictions were established by the prison records, fingerprint comparisons and other testimony.

Appellant did not testify in his own behalf or offer any affirmative defense.

■ We find the facts sufficient to support the conviction and shall discuss the contentions advanced by counsel on appeal in his brief. He first contends that the court erred in admitting the judgments and sentences in the prior convictions alleged for enhancement, in that two of them showed that they had originally been charges containing allegations of prior convictions, but the prior convictions had been abandoned by the State, and the appellant had plead guilty to the primary offense charged therein.

■ Reliance is had upon McGill v. State, 160 Tex.Cr.R. 324, 269 S.W.2d 398, wherein we held that a prior conviction might not be successfully used for enhancement purposes more than once. There are several reasons why appellant's contention cannot be sustained. First, the judgment showed that the prior convictions had not been successfully used for enhancement. Secondly, appellant's trial counsel leveled their objections to the instruments as a whole, and therefore, this case comes under the rule announced by this Court in Heard v. State, 148 Tex.Cr.R. 19, 184 S.W.2d 285.

■ Appellant next contends that the State failed to show that each prior conviction had become final prior to the commission of the offense in the next succeeding conviction charged. The first conviction was on April 4, 1947, for an offense committed on February 4 of that year, and the records of the Department of Corrections show that he was incarcerated for such conviction. The second conviction was on January 10, 1952, for an offense committed on April 1, 1951, and records of the Department of Corrections show that he was incarcerated for such conviction. The third conviction was on September 30, 1955, for an offense committed on August 27, 1955, and the records of the Department of Corrections show that he was incarcerated for such conviction. We perceive no merit in appellant's contention.

■ Appellant next contends that the Court erred in charging the jury on the abstract law of principals. Reliance is had upon Perez v. State, 141 Tex.Cr.R. 575, 150 S.W.2d 402. As we view Perez, it was not reversed because the court charged on principals, but Judge Graves merely observed that, in his opinion, such a charge under the facts was not called for. A far sounder conclusion is expressed in Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1092, 1093, where an abstract charge on the law of principals was given without being applied to the facts, and Judge Morrow said: "To reverse the case because of the charge mentioned would, in our opinion, do violence to the statutory command inhibiting a reversal of the conviction on account of a charge not calculated to injure the rights of the accused." Durham has been cited with approval in Allen v. State, 114 Tex. Cr.R. 79, 21 S.W.2d 527; Branch v. State, 116 Tex.Cr.R. 205, 33 S.W.2d 1069; Graves v. State, 118 Tex.Cr.R. 591, 40 S.W.2d 100; Day v. State, 118 Tex.Cr.R. 244, 42 S.W.2d 1013; Miers v. State, 124 Tex.Cr.R. 152, 60 S.W.2d 217; Fine v. State, 125 Tex.Cr. R. 337, 68 S.W.2d 192; and Johns v. State, 129 Tex.Cr.R. 206, 86 S.W.2d 235.

■ Appellant's last contention is that the court erred in admitting evidence of the wounds upon the body of appellant at the time of his arrest because the officer who arrested him did not have in his possession a warrant authorizing the arrest of appellant. Officer Colca testified that immediately after the shooting he filed charges against appellant. One of the officers who participated in the arrest testified that his lieutenant had informed him that he had a warrant for appellant's arrest. Be this as it may, several other witnesses had testified prior to the making of any objection as to their observation of appellant's wounds after he was placed under arrest.

Counsel is to be commended for his diligence, however, we find no reversible error, and the judgment is affirmed.