**Harby Lewis DAVIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41340.**

Court of Criminal Appeals of Texas.

June 19, 1968.

Donald D. Koons, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Dallas, Arch Pardue, Tom Reese, Malcolm Dade and

Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is robbery; the punishment, fifteen years.

■ Ground of error No. 1 is that the court permitted the state to connect the appellant with extraneous offenses during the presentation of the state's case in chief.

Officer Brumley of the El Dorado Arkansas Police Department testified that he arrested the appellant in El Dorado. For reversal appellant relies upon the following testimony of Officer Brumley given during his direct examination by the state:

"Q What final disposition did you make of the prisoners?

"A We arrested them.

"Q After they were arrested?

"A Well, we had information, we had a lot of burglaries.

"Appellant's Counsel: Your Honor, we object.

"The Court: Sustain the objection and instruct the Jury not to consider that for any purpose.

"Appellant's Counsel: At this time we ask for a mistrial.

"The Court: Denied.

"Appellant's Counsel: Not our exception."

The general objection, stating no grounds, was sustained and the court instructed the jury not to consider the testimony for any purpose. The request for mistrial without any grounds being given therefor, was denied. In light of the record, no reversible error is shown. Ground of error No. 1 is overruled.

The admission of appellant's written statement into evidence is urged as ground of error No. 2 for the reason that it was obtained as the result of an illegal arrest.

The testimony of the state reveals that this conviction is for the robbery of a food store in Dallas by three men about 8 a. m., August 27, 1966. After the El Dorado Police Department had received several calls from merchants in El Dorado on September 2, 1966, they began looking for an automobile bearing a Texas license and occupied by three men. M. C. Darby and Grover Weaver were soon found near the automobile and Weaver told Officer Brewster that he owned the car. Darby and Weaver were arrested. About 11:45 a. m., September 2, 1966, the appellant was arrested in attempting to escape from a residence in El Dorado. Officer Thomason of Dallas arrived in El Dorado about 3 p. m., September 4, 1966, with an arrest warrant issued September 3, for the appellant, took him into custody and they arrived in Dallas about 11 p. m., that day.

The appellant was taken before a magistrate about noon, September 5, 1966, who properly warned him. On September 6, 1966, and before his interrogation and making of a written statement, the appellant was warned by Officer Potts, who completed taking his statement in forty-three minutes. (Officer Potts was off duty on September 4th and 5th.) These warnings appear to be in compliance with the provisions of Arts. 15.17 and 38.22, Vernon's Ann.C.C.P. The appellant had a copy of the statement at the time it was read to him by Potts and before he signed it in the presence of a non-police witness.

The written statement includes the warning which was given the appellant by the magistrate at the time he appeared before him. It also includes the warning given by Officer Potts prior to the making and signing of the statement. The warnings appear to include all of those given as shown in the written statement set out in Hill v. State, Tex.Cr.App., 429 S.W.2d 481, dated June 12, 1968.

There is no evidence in the record of the use of any promises, coercion, lengthy interrogation, incommunicado incarceration, or that he was deprived of his capacity for self determination.

To the admission in evidence of the written statement the appellant objected on the grounds that it was not properly witnessed and was the result of an illegal arrest. In his brief he relies alone upon the ground of illegal arrest.

No issue as to the voluntary character of the written statement was raised by the evidence in the trial court.

■■ It is the illegal detention and not an illegal arrest which under certain circumstances will vitiate a written statement. It is not necessary to determine whether probable cause existed for the first arrest of the appellant in Arkansas. It is concluded that even if appellant's arrest in Arkansas was illegal under the circumstances of this case, the written statement was not rendered inadmissible in evidence. Lacefield v. State, Tex.Cr.App., 412 S.W.2d 906; Pearson v. State, Tex.Cr.App., 414 S.W.2d 675. Ground of error No. 2 is overruled.

■ In ground of error No. 3 the appellant complains of the admission in evidence of the Texas arrest warrant used in returning appellant from Arkansas for the reason that it contained hearsay and prejudicial matter.

The identity of the justice of the peace who issued the arrest warrant for the appellant, the authority of the Dallas detective to execute the warrant, and whether any return was ever made on it were first raised by the defense, and the appellant requested the court to instruct the state to produce the warrant which it claims was served. When the arrest warrant was later offered in evidence, the appellant objected upon the grounds that no proper predicate had been laid, that it was hearsay, and was only supported by the affidavit of a police officer. The testimony reveals, without objection, that Detective L. D. Montgomery signed the complaint upon which the warrant was issued. For the first time, the appellant points out in his brief that the warrant bears the following notation: "$10,000 Bond Pending Hearing," and claims that it would influence and inflame the jury regarding the seriousness of the case.

In light of the offense of robbery with firearms as charged, and the record, no error is perceived. Ground of error No. 3 is overruled.

■ Ground of error No. 4 is that the trial court charged the jury upon the abstract law of principals without applying the law to the facts.

The alleged three robbers (including the appellant) were charged in a single count indictment with "acting together" and were jointly tried.

The evidence is direct that the appellant was present in the store, that he took money from the cash registers, but was not seen with a pistol, while the other two men exhibited pistols during the robbery, and the appellant shared in the loot. The appellant did not testify on the trial on the merits or offer any affirmative defense. The charge as given was not reasonably calculated to injure the rights of the appellant. Art. 36.19, V.A.C.C.P.; Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1092.

The judgment is affirmed.