**Blanchard Lee SAVANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52121.**

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

Rehearing Denied Jan. 12, 1977.

See also, 535 F.2d 190.

Jimmy Phillips, Jr., Angleton, for appellant.

Thomas L. Hanna, Dist. Atty. and Jimmie R. Stanton, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of assault with a prohibited weapon (Art. 1151, V.A.P.C., 1925); the punishment is imprisonment for 5 years. The imposition of sentence was suspended and the appellant was granted probation.

The appellant complains of the court's charge; he asserts that it permitted the jury to convict him on a theory not supported by the evidence. We agree that the court's charge was erroneous in this respect and under our holdings in *Oliver v. State*, 160 Tex.Cr.R. 222, 268 S.W.2d 467 (1954), and *McCuin v. State*, 505 S.W.2d 827 (Tex. Cr.App.1974), the judgment must be reversed.

The indictment charged as follows:

". . . that BLANCHARD LEE SA-VANT and JIMMY LEE BACON on or about the 6th day of October, One Thou-

---

2. The pro se motion to abate so that a complete statement of facts can be prepared is denied.

sand Nine Hundred and Seventy-three, and anterior to the presentment of this indictment in the County of Jefferson and State of Texas, did while then and there unlawfully carrying on and about their person a pistol, with the said pistol, did then and there unlawfully and willfully commit an assault in and upon Robert H. Broussard with said pistol, and did then and there with said pistol so unlawfully carried, shoot the said Robert H. Broussard, . . ."

The appellant was tried separately in this case. The evidence clearly shows that Jimmy Lee Bacon unlawfully carried a pistol and shot Broussard. There is no evidence that the appellant unlawfully carried a pistol or that he shot Broussard. There is evidence that the appellant attacked and struck Broussard with the butt of a shotgun just before Bacon shot Broussard. This evidence would have been sufficient to support a jury finding that the appellant was guilty as a principal, but that is the only theory under which the evidence would permit a jury finding of guilty.

The court charged the jury as follows:

"Now, if you find from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about October 6, 1973, the defendant, Blanchard Lee Savant, did unlawfully and willfully make an assault in and upon Robert H. Broussard by shooting him with a pistol, and, if you further find from the evidence beyond a reasonable doubt that said assault, if any there was, was made while the said pistol, if any, was then and there being unlawfully carried by the defendant on or about his person, then you will find the defendant guilty of an assault with a prohibited weapon. If you do not so find, or if you have a reasonable doubt thereof, you will find the defendant not guilty of the charge herein.

"Our law provides that all persons are principles if they act together in the commission of an offense. When an offense is actually committed by one or more persons, but others, knowing the unlawful intent, aid by acts or encourage by words those actually engaged in the com-

mission of the offense, such persons so aiding or encouraging are principles, and should be convicted as such. Mere presence alone will not constitute one a principle.

"Now therefore if you believe and find from the evidence beyond a reasonable doubt, that the defendant, either acting alone or together with some other person or persons as a principle, as that term has been defined, committed the offense alleged in the indictment, you will find the defendant guilty. Unless you so find or if you have a reasonable doubt thereof, you will acquit the defendant."

*The appellant made a timely objection* pointing out that the charge would permit the defendant's conviction on a theory not supported by the evidence; that is, that he assaulted Robert H. Broussard with a pistol which he, the appellant, was carrying unlawfully. Cf. *Dowden v. State,* 537 S.W.2d 5 (footnote 11) (Tex.Cr.App.1976). The attempt to apply the law of principals to the facts was erroneous because it permitted the jury to find the appellant guilty if he alone committed the offense, a theory unsupported by the evidence.

A reading of the opinions in *Oliver v. State,* supra, and *McCuin v. State,* supra, as well as an inspection of the records in those cases on file in this Court show them to be indistinguishable from this case.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction on the court's charge which under the facts of this case could not have misled the jury or harmed Savant. Article 36.19, V.A.C.C.P., provides that a conviction should not be reversed for an error in the court's charge unless it was calculated to injure the rights of a defendant or unless it appears from the record that the defendant has not had a fair and impartial trial.

The court instructed the jury that it could convict Savant if he acted with Bacon who was unlawfully carrying the pistol in

committing an assault on Broussard or if Savant was acting alone. The evidence shows that Bacon had the pistol and Savant had a shotgun during the attack. To see if there was error calculated to harm Savant, the evidence will be discussed.

Robert H. Broussard, the injured party, and Craig Haynes were eating in the Pitt Grill in Beaumont. People were waiting to be seated. Two young ladies entered a booth. A group of four men, including Savant and Bacon, wanted to sit there. Bacon told the young ladies to leave. Broussard told the group that he and Haynes were ready to leave and they could have their table. Bacon cursed and called Broussard a "smart aleck." Bacon and Savant then went to the rest room. While Broussard was at the cash register, Bacon and Savant came out of the rest room and went outside. Broussard asked Haynes to wait for him. When they got outside, Bacon was standing at the front door with a pistol in his hand.

Bacon called Broussard a fat bastard and told him to put his hands in the air and to come around the edge of the building. Broussard obeyed. Savant was standing at the back of a car with a shotgun in his hand and hit at Broussard. He ducked, but the butt of the gun hit him in the elbow cutting his arm and the cut required stitches. Savant hit at him again and Broussard tried to get back into the building but before he could do so Bacon shot him in the leg with a pistol. Broussard then made it back into the grill where everyone was on the floor.

Craig Haynes testified to substantially the same as did Broussard. In addition to the above testimony Haynes related that it took a big man to run two women out of a booth. He saw Savant take a shotgun out of the trunk of a car. He also saw the blow to Broussard's shoulder or left elbow. When the officers arrived, the assailants were gone.

James Singletary of the Beaumont Police Department testified that he went to the Pitt Grill on Interstate Highway 10 and saw Broussard who was bleeding from the leg and elbow. He got a description of the assailants and the car that they were in.

Thomas Scofield of the Beaumont Police Department received a report of the incident and drove toward Savant's house. He pulled into a side street and just as he started to back out, a car (driven by Savant) came down the street at a high rate of speed and almost hit the patrol car. He pursued in the patrol car with the red light and siren on, but Savant did not stop and drove into the driveway at his home at a high rate of speed. The four occupants of the car got out and went into the house. Scofield waited for other officers before going inside.

Savant testified that at the time in question he managed the Lighthouse Club in Nederland and that he had met Bacon at the club that night. After closing that night, they went to the Pitt Grill. They wanted a large booth. Bacon told the girls to move to a smaller booth and then there were some words between them. Savant testified that he went outside to his car "to get it straight, between me and him . . to find out what his problem was. * * * I was going to get a baseball bat out of the trunk. . . . So we would be equal." He was going to use it on Haynes. He related that he opened the trunk and the bat was not there. He then started to go back inside and he looked through the window and saw "the big guy had Bacon by the coat shaking him." Bacon then came running out the front door and said that he was going ". . . to learn that son-of-a-bitch a lesson."

Savant testified that he told Bacon not to shoot Broussard but to put a knot on his head. Savant then gave the rest of his story that the jury was not bound to and did not believe. He testified that he got the shotgun to prevent Bacon from shooting Broussard. He related that Bacon was holding the pistol on Broussard when he, Savant, hit him with the shotgun.

He related that they left and took the pistol and shotgun to a friend's house and then went to his house where they were arrested. On cross-examination, he related that just before he hit Broussard with the shotgun, "I told him 'If you want to be a

hero, you got to see how far you got to go to be a hero,'" and that Broussard was acting like a hero because he was taking up for those two young ladies for no reason. He related that Broussard had done nothing to him. He testified, "It wasn't necessarily what he did to me; it was what he had done to Bacon," and that was "evidently enough to Mr. Bacon to where Mr. Bacon wanted to shoot him." He again related that he hit Broussard to keep Broussard out of trouble. He related two or three times that Bacon shot Broussard.

With all of the above testimony there is no way that the jury could have been misled by the charge because there is no indication or hint that Savant possessed the pistol or shot Broussard with it. The charge authorized a conviction for Savant's acting with Bacon when Bacon shot Broussard with a pistol.

In *Johnson v. State*, 67 Tex.Cr.R. 441, 149 S.W. 165 (1912), this Court wrote that criticism of the court's charge on principals which did not require both to be present at the time of the commission of the offense was perhaps well founded; "However, as the testimony discloses beyond doubt that they were both present, this would not alone present reversible error, as this is an undisputed fact."

In *Johns v. State*, 129 Tex.Cr.R. 206, 86 S.W.2d 235 (1935), a finding that defendant by his own acts stole the cattle involved was made a condition of finding him guilty. The Court held that a part of the charge that all persons acting together in the commission of an offense were principals and could be prosecuted as such was not prejudicial error. This Court wrote:

".  .  . Under the circumstances, to order a reversal because of the charge mentioned would do violence to the statutory command inhibiting a reversal of the conviction on account of a charge not calculated to injure the rights of the accused. Article 666, C.C.P.,  .  .  . [now Article 36.19, V.A.C.C.P."

In *Durham v. State*, 112 Tex.Cr.R. 395, 16 S.W. 1092 (1923), the court instructed the jury on the law of principals. The Court

noted that the evidence did not raise the issue and held that the giving of the charge was not reversible error.

In the above cases, theories submitted even though not raised by the evidence did not require automatic reversals. For other cases see Texas Digest, Criminal Law,

We should follow the mandate of Article 36.19, V.A.C.C.P., and not reverse unless errors in the charge are calculated to injure the rights of an accused. There was no such error in the present case.

The judgment should be affirmed.