**Jimmie Davis WATSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–207–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 23, 1983.

Douglas H. Parks, Dallas, for appellant.

Gilbert P. Howard, Asst. Dist. Atty., Dallas, for the State.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

SPURLOCK, Justice.

Appellant, Jimmie Davis Watson, was convicted by a jury of the offense of burglary of a habitation. TEX.PENAL CODE ANN. § 30.02 (Vernon 1974). That jury found that the enhancement paragraph of the indictment was true, and the court then sentenced Watson to twenty-five years' imprisonment.

We reverse and remand.

Watson alleged five grounds of error. One ground contends that the trial court committed reversible error when it charged the jury upon a theory not supported by the evidence, despite Watson's timely and specific objection. We agree.

Briefly stated, the evidence was as follows. Police Officer David Shinpaugh was dispatched to the complainant's residence; he observed signs of a burglary, located the point of entry, spoke with complainant Dick Perkins, and left. Six days later, Shinpaugh was again dispatched to the Perkins residence. He talked with Perkins and a neighbor and received a description and license number of an automobile. Officer Hooper was also sent to the Perkins residence and received the same information. Shinpaugh began a search for the car, and located it on the same street. Shinpaugh parked behind this automobile, which was parked almost directly in front of the house with its motor running. Shinpaugh then noticed a man (later identified as Watson) on the porch of the house at that location. Watson appeared to be "jimmying" and shaking the door of the house and was peering into a window. Watson looked around when Hooper also arrived at the scene in his squad car, and ran towards the street.

Hooper arrested Watson. At the same time that Watson had begun to run away, another man raised up from the driver's seat of the car which had drawn the officers to the scene. Shinpaugh arrested him, and he was subsequently identified as Larry Jordan. The officers removed a screwdriver from Watson's pocket. Shinpaugh and Hooper observed that the front door of the house had a number of "pry marks" upon its frame. Shinpaugh testified that both Jordan and Watson were carrying screwdrivers at the time they were arrested. Watson later made statements to Police Officer Dennis Myer, implicating Larry Jordan, and revealing the locations of various items later shown to have been stolen from Perkins, but denying any guilt in the burglary of the Perkins residence, although he conceded that he had been present at that time.

The police, acting upon this information, searched the home of Michael Jordan (brother to Larry) and Michael was also arrested. Watson told Officer Myer that he and the Jordan brothers had "planned to hit" the Perkins residence and that Larry and he had gone to pick up Michael. Finding Michael gone, Larry and Watson proceeded to the Perkins residence. Upon their arrival, they saw Michael's car leave the scene. Watson told Officer Myer that he sat in the car while Larry removed property from the house and brought it outside to the car. As they drove away, Larry and

he opened Christmas packages and threw some toys away. Some of the stolen property was taken to Michael's house and Larry and Watson sold some of the property to other persons. Watson took police to these locations in an attempt to recover the stolen property, some of which was recovered and identified by Perkins as that stolen from his residence. Watson denied aiding or attempting to aid the Jordans in the burglary, and specifically denied acting as a lookout. Watson did not testify at trial. A hearing was held upon the voluntariness of his statements to police, and the trial court found that these statements were voluntarily made.

The court's charge authorized the jury to convict Watson if he, "*acting either alone* or as a party to the offense, if any," (emphasis ours) knowingly or intentionally entered a habitation without the effective consent of the owner thereof (Perkins) with the intent to commit theft. We think it obvious that the jury could have convicted Watson as a party. *See Alexander v. State,* 607 S.W.2d 551, 553 (Tex.Cr.App.1980). However, in the instant case, there was no evidence to support the submission of the case upon the theory that Watson was acting alone and entered the house.

As was done by the defendant in the case of *Savant v. State,* 544 S.W.2d 408 (Tex.Cr. App.1976), Watson made a timely objection, pointing out that the charge would permit his conviction on a theory not supported by the evidence, and as in *Savant,* the court erred in permitting the jury to find the appellant guilty if he alone committed the offense, a theory unsupported by the evidence. We note Judge Douglas' dissent in *Savant,* wherein he urged both that "there is no way that the jury could have been misled by the charge" (due to the nature of the testimony), and that "Article 36.19, V.A. C.C.P., provides that a conviction should not be reversed for an error in the court's charge unless it was calculated to injure the rights of a defendant or unless it appears from the record that the defendant has not had a fair and impartial trial," but note also Chief Judge Onion's opinion in *Carrillo v. State,* 566 S.W.2d 902, 910 (Tex.Cr.App.

1978), which cites *Savant* and supports Watson's argument. *See also Carrillo v. State,* 591 S.W.2d 876, 890 (Tex.Cr.App.1979). We therefore sustain Watson's ground of error.

We reverse and remand for a new trial.